IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN KOPP,                     : | |
|     Plaintiff,         : | |
|                                : | |
| v.                             : | Civ. No. 18-4658 |
|                                : | |
| ANDREW SAUL,                   : | |
|     Defendant.        : | |

**O R D E R**

Social Security Administration Administrative Law Judges are "Officers of the United States" and thus must be appointed in compliance with the Appointments Clause.  See U.S. Const. art. II § 2, cl. 2; Lucia v. SEC, 138 S. Ct. 2044, 2055 (2018).  In *Cirko v. Commissioner of Social Security*, the Third Circuit held that a Social Security claimant does not forfeit a constitutional challenge to his ALJ's appointment by failing to raise it at the administrative level.  948 F.3d 148, 153 (3d Cir. 2020).  If he first presents this argument in district court, the proper remedy is to remand to the SSA for an adjudication before a properly appointed ALJ.  See id.  Accordingly, I will overrule the Commissioner's objections, adopt Judge Wells's Report, and remand to the SSA.

**I.      BACKGROUND**

On April 17, 2015, Plaintiff, then 50 years old, applied for Supplemental Security Income and Disability Insurance Benefits, alleging that he became disabled on March 1, 2014 because of: asthma, depression, anxiety, high blood pressure, acid reflux, allergies, and short-term memory loss.  (R. 162–74, 215, Doc. No. 9; Pl.'s Br. & Stat. Issues 2, Doc. No. 11.)  On September 10, 2015, Plaintiff's application was denied.  Following denial of his application, he was granted a hearing before Administrative Law Judge Margaret M. Gabell.  (R. 30–62, 91–100.)

On November 2, 2017, the ALJ found that Plaintiff had the following severe impairments: asthma, hypertension, joint disease, affective disorder, and anxiety disorder.  (R. 13, 15.)  She

found that Plaintiff was not disabled, however, because his impairments did not meet or medically equal the severity of a listed impairment. (R. 15.) The ALJ thus determined that Plaintiff had the residual functional capacity to perform "light work . . . except he can never kneel or crawl, or climb ladders, ropes or scaffolds," "can frequently reach or lift overhead," but only "occasionally climb ramps or stairs." (R. 18.) The ALJ found, *inter alia*, that Plaintiff could "never work around unprotected heights," had to avoid exposure to "heat, cold, gasses, orders, and fumes," and was "able to alternate between sitting and standing every 30 to 60 minutes, with a 5 to 10 minute change of position, while remaining on task." (Id.) Finally, the ALJ found that, "considering [Plaintiff's] age, education, work experience, and [RFC], there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform." (R. 22–23.)

On September 28, 2018, the Appeals Council denied Plaintiff's request for review, making the ALJ's ruling the Commissioner's final decision. (R. 1–6; Pl.'s Br. & Stat. Issues 1.)

On October 29, 2018, Plaintiff brought this action for review of the Administration's November 2, 2017 denial of benefits. (Compl., Doc. No. 2.) Plaintiff argues that his case was improperly adjudicated by an ALJ who was not properly appointed under the Appointments Clause. (Pl.'s Br. & Stat. Issues 2–3); Lucia v. SEC, 138 S. Ct. 2044 (2018). Plaintiff also contended that the ALJ erred by failing: (1) reasonably to explain her finding that Plaintiff's impairments did not meet or equal a listed impairment; (2) reasonably to explain her assessment of Plaintiff's RFC; and (3) properly to use the medical-vocational guidelines. (Pl.'s Br. & Stat. Issues 3–26.)

On February 25, 2019, I referred this case to Judge Wells for a Report and Recommendation. (Doc. No. 14.) On April 22, 2019, Judge Wells recommended that I grant Plaintiff's request for review and remand his case to the Commissioner so that it can be assigned

to an ALJ appointed in conformity with the Appointments Clause. (Doc. No. 17.) Adhering to my previous analysis in *Cox v. Berryhill* and hewing to the approach then adopted by a majority of district courts, I held that Plaintiff had forfeited his Appointments Clause challenge and remanded to Judge Wells to consider Plaintiff's remaining objections. No. 16-5434, 2018 WL 7585561, at *2 (E.D. Pa. Dec. 18, 2018); (May 10, 2019 Order at 5–6.)

While the matter was pending before Judge Wells, the Third Circuit held that Appointments Clause challenges need not be exhausted at the administrative level. Cirko, 948 F.3d at 153. On February 27, 2020, Judge Wells recommended that—in light of the Circuit's decision—I remand this case to the Commissioner so that he can reassign it to a properly appointed ALJ. (2/27/2020 Report & Recommendation at 2 (citing Cirko, 948 F.3d at 159–60).)

## II.   LEGAL STANDARDS

I must uphold any factual determination made by the ALJ that is supported by substantial evidence. 42 U.S.C. § 405(g); Monsour Med. Ctr. v. Heckler, 806 F.2d 1185, 1190 (3d Cir. 1986). "Substantial evidence 'does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999) (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)). "The presence of evidence in the record that supports a contrary conclusion does not undermine the Commissioner's decision so long as the record provides substantial support for that decision." Malloy v. Comm'r of Soc. Sec., 306 F. App'x 761, 764 (3d Cir. 2009).

I must review *de novo* those portions of the Report and Recommendation and those factual findings to which objection is made. 28 U.S.C. § 636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). I may "accept, reject, or modify, in whole or in part, [the Magistrate Judge's] findings and recommendations." 28 U.S.C. § 636(b)(1). It is also within my discretion to rely on

3

the findings and conclusions of the Magistrate Judge to which no objection has been made. See United States v. Raddatz, 447 U.S. 667, 676 (1980).

## III. DISCUSSION

The Commissioner initially conceded that a constitutional violation had occurred because Plaintiff's claims were adjudicated by an ALJ whose appointment did not comply with the Appointment's Clause. (Comm'r's Resp. 2, Doc. No. 13.) Acknowledging that *Cirko* binds me, the Commissioner nonetheless objects to Judge Wells's second Report because he believes that *Cirko* was wrongly decided and that he would urge the *en banc* Third Circuit to vacate it. (See Comm'r's Objections 2, Doc. No. 27 ("The Third Circuit Court of Appeals has not yet issued a mandate in Cirko, and on March 9, 2020, the government filed a petition for rehearing in that case.").) The Circuit has since denied the Commissioner's petition for rehearing, and its mandate issued on April 3, 2020. (Cirko v. Comm'r of Soc. Sec., No. 19-1773 (3d Cir.), Doc. Nos. 77, 78-1.) The Commissioner's objection is thus moot. I will remand to the Commissioner for rehearing before a properly appointed ALJ. See Cirko, 948 F.3d at 152 (noting that then–Acting Commissioner Berryhill properly "reappointed the agency's administrative judges" following the instruction of an Executive Order interpreting *Lucia*).

## IV. CONCLUSION

**AND NOW**, this 7th day of May, 2020, upon consideration of Magistrate Judge Wells's Report and Recommendation (Doc. No. 23), the Commissioner's Objections (Doc. No. 27), and all previous submissions, it is hereby **ORDERED** that:

1. The Report and Recommendation (Doc. No. 23) is **ADOPTED**;
2. The Commissioner's Objections (Doc. No. 27) are **OVERRULED**;
3. This case is **REMANDED** to the Social Security Administration so that it can be

reassigned to a properly appointed ALJ other than Judge Gabell; and

    4.    The **COURT OF CLERK** shall **CLOSE** this case.

                                          **AND IT IS SO ORDERED.**

                                          */s/ Paul S. Diamond*

                                          Paul S. Diamond, J.